**ANTONIO K. KIZZIE, ESQ. (SBN 279719)**
*akizzie@kizziefirm.com*
**THE KIZZIE FIRM, APC**
1732 Aviation Blvd., #226
Redondo Beach, CA 90278
Telephone: (310) 388-9977
Facsimile: (310) 265-1957

Attorney for Plaintiffs, DAMON COATS, an individual, and EVELYN MICHELLE FLORES, an individual

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMON COATS, an individual, EVELYN MICHELLE FLORES, an individual, <br><br>      *Plaintiffs,* <br><br> vs. <br><br> CITY OF COSTA MESA, a municipal entity, and DOES 1-10, Inclusive, <br><br>      *Defendants.* | CASE NO.: <br><br> **ORIGINAL COMPLAINT FOR DAMAGES** <br><br> 1. Unreasonable Search and Seizure- Excessive Force (42 U.S.C. § 1983) <br> 2. Unreasonable Search and Seizure- Unlawful Arrest (42 U.S.C. § 1983) <br> 3. Unreasonable Search and Seizure- Failure to Intervene to Prevent Excessive Force (42 U.S.C. § 1983) <br> 4. Unreasonable Search and Seizure— Denial of Medical Care (42 U.S.C. §1983) <br> 5. Substantive Due Process — Parent/Child Relationship (42 U.S.C. § 1983) <br> 6. Monell Liability—Inadequate Training/Ratification/Unconstitutional Custom, Policy, and Practice (42 U.S.C. § 1983) <br><br> **DEMAND FOR JURY TRIAL** |

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## COMPLAINT FOR DAMAGES

**COME NOW** plaintiffs, DAMON COATS, an individual, ("MR. COATS") and EVELYN MICHELLE FLORES ("MS. FLORES"), an individual, ("PLAINTIFFS," collectively) who allege as follows:

## INTRODUCTION

1.    This civil rights action seeks general, special, compensatory and punitive (only against the individual defendants) damages from Defendants CITY OF COSTA MESA ("CITY"), and DOE OFFICERS 1-10 ("DOE OFFICERS"), Inclusive, ("DEFENDANTS," collectively) for violating various rights under the United States Constitution and state law in connection with the unreasonable use of force against Plaintiff MR. COATS and unwarranted state interference in Plaintiff MS. FLORES' familial relationship with her son, MR. COATS.

2.    Defendants proximately caused Plaintiffs' injuries by unreasonably tasing and shooting Plaintiff COATS on January 31, 2021, by integrally participating or failing to intervene in the use of force, and by engaging in other acts and/ or omissions around the time of the shooting that resulted in Plaintiffs' serious, ongoing mental, physical, and emotional damages, disability, pain and suffering in an amount to be determined at trial. Defendants are directly liable for Plaintiffs' injuries under federal law pursuant to 42 U.S.C. § 1983.

3.    Defendant CITY also proximately caused Plaintiffs' injuries and are liable under state and federal law and under principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The policies, procedures, allotted resources, and training of CITY regarding responding to calls for service involving and use of force against mentally ill persons experiencing crises were inadequate to prevent the violations of law by its employees as alleged herein.

4.    Defendant CITY was deliberately indifferent to the substantial risk that its policies and training and failure to reasonably allocate resources to specialized mental health units regarding calls for service involving and use of

2

force against mentally ill persons experiencing crises were inadequate to prevent violations of law by its employees and the known or obvious consequences of its failure to train its deputies adequately.

5.    The failure of the defendant CITY to provide adequate training and resources to calls for service involving and use of force against mentally ill persons experiencing crises caused the deprivation of the Plaintiffs' rights by the DOE OFFICERS; that is, the defendant CITY's failure to prevent violations of law by its employees through training calls for service involving and use of force against mentally ill persons experiencing crises played a substantial part in bringing about or actually causing the injury or damage to the Plaintiffs.

6.    Plaintiffs are informed, believes, and thereon alleges that a final policy maker within Defendant CITY ratified, that is, knew of and specifically made a deliberate choice to approve of the Defendant DOE OFFICERS herein alleged unlawful conduct and the basis for it.

## JURISDICTION AND VENUE

7.    Venue is proper in this Court because the parties reside in and all incidents, events, and occurrences giving rise to this action occurred in this district, specifically City of Costa Mesa, County of Orange, California.

8.    This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) (3)-(4) because this civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and the First, Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

## PARTIES

9.    At all relevant times herein, Plaintiff DAMON COATS was the biological child of Plaintiff EVELYN M. FLORES, and an individual residing in the City of Costa Mesa, California.

3

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

10. At all relevant times herein, Plaintiff EVELYN M. FLORES was the biological mother of Plaintiff COATS, and an individual residing in the City of Costa Mesa, California.

11. At all relevant times herein, Defendant CITY OF COSTA MESA (hereinafter "CITY") was an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY had possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the CITY OF COSTA MESA POLICE DEPARTMENT, and its tactics, methods, practices, customs and usage.

12. At all relevant times, DEFENDANT CITY OF COSTA MESA was the employer of Defendants DOE OFFICERS 1-10, who were CITY OF COSTA MESA deputies, police officers, managerial, supervisorial, and policymaking employees of CITY OF COSTA MESA POLICE DEPARTMENT.

13. At all times mentioned herein and material hereto, Defendant DOE OFFICERS 1-10, individuals, ("DOE OFFICERS") were engaged in law enforcement as a police officer, deputy sergeant, captain, and lieutenant, and/or civilian employee, agent and representative of Defendant CITY, duly employed as police officer or sheriff's deputy by the CITY OF COSTA MESA POLICE DEPARTMENT, who were acting in the course and scope of their employment all times relevant to the acts and omissions herein alleged.

14. Plaintiffs are unaware of the true names and capacities of those Defendants named herein as DOE OFFICERS. Plaintiffs will seek leave to amend this Complaint to allege said DOE OFFICERS' true names and capacities when that information becomes known to them. Plaintiffs are informed, believes, and thereon alleges that these DOE OFFICERS are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent,

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE OFFICERS when they are ascertained.

15. Each of the individual Defendants sued herein is sued both in his or her individual and personal capacity, as well as in his or her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the City of Costa Mesa Police Department.

16. On information and belief, at all relevant times, DOE OFFICERS 1-10 were residents of the County of Orange or County of Los Angeles, California.

17. At all relevant times, DOE OFFICERS 1-10 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and within the complete authority and ratification of their principal, Defendant CITY.

18. At all relevant times, Defendant DOE OFFICERS were duly appointed deputies/officers and/or employees or agents of Defendant CITY, subject to oversight and supervision by Defendant CITY's elected and non-elected officials.

19. In doing the acts and failing and omitting to act as hereinafter described, Defendant DOE OFFICERS were acting on the implied and actual permission and consent of Defendant CITY.

20. At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

21. At all relevant times, Defendant DOE OFFICERS were working for Defendant CITY as police officers.

22. Plaintiff COATS has been permanently disabled and disfigured as a direct and proximate result of the actions of Defendants. Thus, Defendants, and each of them, are directly liable for Plaintiffs' injuries under federal law pursuant to 42 U.S.C. § 1983.

23. Defendant CITY is liable for Plaintiffs' injuries under California law and under the doctrine of *respondeat superior*. Liability under California law for public entities and public employees is based upon California Government Code §§ 815.2 and 820.

24. Plaintiffs have timely complied with all relevant and applicable statutes of limitations to assert the herein causes of action against the herein Defendants.

### FACTS COMMON TO ALL CAUSES OF ACTION

25. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 24 of this Complaint with the same force and effect as if fully set forth herein.

26. On January 31, 2021, the date of the incident ("INCIDENT"), Plaintiff MR. COATS was suffering from a mental health episode due to his mental illness, which is not a crime.

27. During the incident, his mother, Plaintiff MS. FLORES, called 911 to request paramedics and mental health professionals to assist with MR. COATS' mental health episode. Upon information and belief, at no time did MS. FLORES state that MR. COATS had threatened or harmed herself or anyone else, was armed with a gun, committed or was about to commit a violent crime against anyone. For

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

this reason, Plaintiff MS. FLORES purposely and specifically requested paramedics and mental health professionals to assist with MR. COATS.

28.     However, Defendant DOE OFFICERS 1-10 who were employed by the City of Costa Mesa Police Department arrived. Upon information and belief, when Defendant DOE OFFICERS 1-10 arrived they had no information that MR. COATS had harmed, threatened or was a threat to anyone or had committed any crime or was armed with a gun. Upon information and belief, Defendant DOE OFFICERS 1-10 had no information sufficient to establish reasonable suspicion to detain MR. COATS and/or probable cause to suspect that MR. COATS had engaged, was engaging, or was about to engage in any crime.

29.     Upon information and belief, it was apparent or should have been apparent to Defendant DOE OFFICERS 1-10 that MR. COATS was mentally ill, in crisis, in need of medical treatment and medical assistance by paramedics and mental health professionals, and that numerous reasonable, less-lethal alternatives should be used to assist with his being restrained, detained, and taken for treatment.

30.     Upon information and belief and contrary to Defendant DOE OFFICERS 1-10's training, including training regarding appropriate use of deadly force and engaging mentally ill citizens, they negligently assessed the circumstances presented to them, and then violently or negligently confronted MR. COATS purposely or negligently unnecessarily aggravating and escalating the situation before them.

31.     Without warning or giving MR. COATS time to comply with lawful orders, Defendant DOE OFFICERS 1-10 proceeded to violate MR. COATS' rights by acts which included, but were not limited to, repeatedly and unjustifiably discharging their taser and department-issued firearms at the person of MR. COATS, striking him several times and inflicting a numerous, painful, and

7

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

bleeding gunshot wound(s), which proved to be disfiguring and permanently disabling.

32.     The use of deadly force against MR. COATS was excessive and objectively unreasonable under the circumstances, especially because MR. COATS did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting.

33.     Upon information and belief, MS. FLORES was present and witnessed Defendant DOE OFFICERS 1-10 repeatedly and unjustifiably shoot her son, MR. COATS.

34.     Upon information and belief, following the shooting, MR. COATS was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment. Upon information and belief, the involved DOE OFFICERS 1-10 did not timely summon medical care or did not permit medical care to MR. COATS and, thus, denied medical care to MR. COATS in a manner that demonstrated deliberate indifference to his constitutional rights.

35.     At no time during the course of these events did MR. COATS pose an imminent threat of death or serious bodily injury to the involved DOE OFFICERS 1-10 or any other individual, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

36.     Upon information and belief, both prior to and during the time in which he was shot, MR. COATS obeyed DOE OFFICERS 1-10's lawful orders, and made no aggressive movements, no furtive gestures, never pointed a weapon at any DOE OFFICERS 1-10, and made no physical movements which would suggest to a reasonable sheriff's deputy or police officer that he had the will, or the imminent ability to inflict bodily harm against any individual.

37.     Both prior to and during the time in which Defendant DOE OFFICERS 1-10 shot MR. COATS, were not faced with any circumstances which

8

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

would have led a reasonable police officer to believe that MR. COATS posed an immediate threat of death or bodily injury to any person.

38.    Despite the aforementioned conduct, Defendant CITY ratified, acquiesced, or otherwise turned a blind eye to Defendant DOE OFFICERS 1-10's misconduct, which was a substantial and proximate cause of this incident and Plaintiffs' damages.

39.    As a direct and proximate result of Defendant DOE OFFICERS 1-10's herein complained of actions, MR. COATS was damaged and sustained lifetime injuries, including, but not limited to, disability, disfigurement, pain and suffering, and loss of enjoyment of life when he was shot by Defendant DOE OFFICERS 1-10, on-duty police officers for the City of Costa Mesa Police Department who were acting under color of law and as employees of the department. Defendants DOES 1-10, inclusive, integrally participated in or failed to intervene in the shooting.

40.    As a result of Defendant Deputy Anderson and Defendant DOE OFFICERS 1-10's aforementioned misconduct, Plaintiffs claim and are entitled to damages for past, current and ongoing economic and noneconomic damages including, but not limited to, medical expenses, past and future economic damages and loss of earnings, extreme and severe emotional distress, mental, physical, and emotional pain and suffering/damages, anguish, pain, loss of enjoyment of life, disfigurement, disability, and deprivation of and/or unwarranted state interference with the life-long love, companionship, comfort, support, society, care, and sustenance of MR. COATS, and will continue to be so deprived for the remainder of their natural lives, all to their damage in a sum to be determined at trial.

///

///

///

///

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## FIRST CAUSE OF ACTION

## EXCESSIVE FORCE (42 U.S.C. § 1983)

## (PLAINTIFF DAMON COATS against DEFENDANT DOE OFFICERS 1-10, Inclusive)

41.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 40 of this Complaint with the same force and effect as if fully set forth herein.

42.     Defendants DOE OFFICER 1-10's unjustified shooting deprived MR. COATS of his right to be secure in his person against unreasonable searches and seizures as guaranteed to MR. COATS under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

43.     The shooting was excessive and unreasonable, especially because MR. COATS posed no immediate threat of death or serious bodily injury to anyone at the time of the shooting.

44.     As a result of Defendant DOE OFFICER 1-10's conduct, MR. COATS suffered severe and ongoing mental, physical, and emotional pain and suffering including, but not limited to, physical pain, grief, anguish, fear, anxiety, trauma, loss of enjoyment of life, loss of earning capacity, permanent disability, etc. in an amount according to proof at trial.

45.     Upon information, Defendant DOE OFFICER 1-10's shooting and use of force violated their training and universally accepted Peace Officer Standards and Training ("POST").

46.     As a result of their misconduct, Defendant DOE OFFICERS 1-10 are liable for MR. COATS' injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

47.     The conduct of Defendant DOE OFFICERS 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of MR.

10

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COATS and therefore warrants the imposition of exemplary and punitive damages as to individual defendants.

48.    Plaintiff COATS also seeks and is entitled to reasonable attorneys' fees and costs under this claim pursuant to 42 U.S.C. § 1988.

**SECOND CAUSE OF ACTION**

**UNLAWFUL ARREST (42 U.S.C. § 1983)**

**(PLAINTIFF DAMON COATS against DEFENDANT DOE OFFICERS 1-10, Inclusive)**

49.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 48 of this Complaint with the same force and effect as if fully set forth herein.

50.    On January 31, 2021, Plaintiff MR. COATS was suffering from a mental health episode due to his mental illness, which is not a crime.

51.    During the incident, his mother, Plaintiff MS. FLORES, called 911 to request paramedics and mental health professionals to assist with MR. COATS' mental health episode. Upon information and belief, at no time did MS. FLORES state that MR. COATS had threatened or harmed herself or anyone else, was armed with a gun, committed or was about to commit a violent crime against anyone. For this reason, Plaintiff MS. FLORES purposely and specifically requested paramedics and mental health professionals to assist with MR. COATS.

52.    However, Defendant DOE OFFICERS 1-10 who were employed by the City of Costa Mesa Police Department arrived. Upon information and belief, when Defendant DOE OFFICERS 1-10 arrived they had no information that MR. COATS had harmed, threatened or was a threat to anyone or had committed any crime or was armed with a gun. Upon information and belief, Defendant DOE OFFICERS 1-10 had no information sufficient to establish reasonable suspicion to detain MR. COATS and/or probable cause to suspect that MR. COATS had engaged, was engaging, or was about to engage in any crime.

11

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

53.    Upon information and belief, when Defendants DOE OFFICERS 1-10 shot MR. COATS and placed him in handcuffs, they violated MR. COATS' right to be secure in his person against unreasonable searches and seizures as guaranteed to the DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

54.    Upon information and belief, Defendants DOE OFFICERS 1-10 detained DECEDENT without reasonable suspicion and arrested him without probable cause.

55.    MR. COATS was prosecuted following this incident despite committing no crime. Upon participation and completion of a mental health diversion program, all of MR. COATS charges were dropped and the criminal case against him was dismissed in or about May 2024. MR. COATS' federal claims were tolled until the conclusion of the criminal action and, thus, are timely presented herein as a matter of law.

56.    The conduct of Defendant DOE OFFICERS 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of MR. COATS and therefore warrants the imposition of exemplary and punitive damages as to individual defendants.

57.    As a result of their misconduct, Defendants DOE OFFICERS 1-10 are liable for MR. COATS' injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

58.    Plaintiff COATS also seeks and is entitled to reasonable attorneys' fees and costs under this claim pursuant to 42 U.S.C. § 1988.

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**THIRD CAUSE OF ACTION**

**FAILURE TO INTERVENE TO PREVENT EXCESSIVE FORCE (42 U.S.C. § 1983)**

**(PLAINTIFF DAMON COATS against DEFENDANT DOE OFFICERS 1-10, Inclusive)**

59.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 58 of this Complaint with the same force and effect as if fully set forth herein.

60.    Defendants DOE OFFICER 1-10's unjustified shooting deprived MR. COATS of his right to be secure in his person against unreasonable searches and seizures as guaranteed to MR. COATS under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

61.    The shooting was excessive and unreasonable, especially because MR. COATS posed no immediate threat of death or serious bodily injury to anyone at the time of the shooting.

62.    As a result of Defendant DOE OFFICER 1-10's conduct, MR. COATS suffered severe and ongoing mental, physical, and emotional pain and suffering including, but not limited to, physical pain, grief, anguish, fear, anxiety, trauma, loss of enjoyment of life, loss of earning capacity, permanent disability, etc. in an amount according to proof at trial.

63.    Upon information, Defendant DOE OFFICER 1-10's shooting and use of force violated their training and universally accepted Peace Officer Standards and Training ("POST").

64.    As a result of their misconduct, Defendant DOE OFFICERS 1-10 are liable for MR. COATS' injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations despite having the training, knowledge, and real opportunity to do so. Upon information and belief, Defendant DOE OFFICERS 1-10 consisted

13

partially of supervising sergeants and commanders who knew, or should have known, that reasonable, less-lethal alternatives and tactics existed that could and should be used during this incident, but negligently failed or willfully refused to instruct other Defendant DOE OFFICERS 1-10 to employ such tactics, weapons, and methods.

65.     The conduct of Defendant DOE OFFICERS 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of MR. COATS and therefore warrants the imposition of exemplary and punitive damages as to individual defendants.

66.     Plaintiff COATS also seeks and is entitled to reasonable attorneys' fees and costs under this claim pursuant to 42 U.S.C. § 1988.

## FOURTH CAUSE OF ACTION

### DENIAL OF MEDICAL CARE (42 U.S.C. § 1983)

### (PLAINTIFF DAMON COATS against DEFENDANT DOE OFFICERS 1-10, Inclusive)

67.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 66 of this Complaint with the same force and effect as if fully set forth herein.

68.     The denial of medical care by Defendant DOE OFFICERS 1-10 deprived MR. COATS of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

69.     As a result, MR. COATS suffered extreme pain and suffering and eventually suffered permanent disability and disfigurement, loss of enjoyment of life, and diminished earning capacity.

70.     Defendants Defendant DOE OFFICERS 1-10 knew that failure to provide timely medical treatment to MR. COATS could result in further significant

14

injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing MR. COATS great bodily harm and pain.

71.    The conduct of DOE OFFICERS 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of MR. COATS and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOE OFFICERS 1-10.

72.    As a result of their misconduct, Defendants DOE OFFICERS 1-10 are liable for MR. COATS' injuries, either because they were integral participants in the excessive use of force, wrongful detention and arrest, or because they failed to intervene to prevent these violations.

73.    Plaintiff COATS also seeks and is entitled to reasonable attorneys' fees and costs under this claim pursuant to 42 U.S.C. § 1988.

**FIFTH CAUSE OF ACTION**

**SUBSTANTIVE DUE PROCESS —PARENT/CHILD RELATIONSHIP (42 U.S.C. § 1983)**

**(PLAINTIFF EVELYN FLORES against DEFENDANT DOE OFFICERS 1-10, Inclusive)**

74.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 73 of this Complaint with the same force and effect as if fully set forth herein.

75.    This cause of action is brought by Plaintiff MS. FLORES, MR. COATS' mother, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to MS. FLORES by the Fourteenth Amendment to the Constitution of the United States, including, but not limited to, MS. FLORES' right to substantive due process and privacy, MS. FLORES' right to associate with her son, MR. COATS, MS. FLORES' right to enjoy the care, companionship, familial relationship, and society of MR. COATS, and MS.

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

FLORES' right to be free from arbitrary and unreasonable governmental intrusions into her familial relations with MR. COATS.

76.    MS. FLORES had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in her familial relationship with her son, MR. COATS.

77.    At all times relevant to the acts and omissions herein alleged, Defendants DOE OFFICERS 1-10 were employed by the Defendant CITY as law enforcement officers, and were acting under color of law and in the course and scope of their employment with the Costa Mesa Police Department.

78.    Upon information and belief, the aforementioned actions of DOE OFFICERS 1-10, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of MR. COATS and MS. FLORES, and with purpose to harm unrelated to any legitimate law enforcement objective.

79.    DOE OFFICERS 1-10 thus violated the substantive due process rights of MS. FLORES to be free from unwarranted interference with their familial relationship with MR. COATS.

80.    As a direct and proximate cause of the acts of DOE OFFICERS 1-10, MR. COATS experienced severe pain and suffering, permanent disfigurement, permanent disability, and lost his enjoyment life, earning capacity, and quality of his relation with MS. FLORES, his mother

81.    As a direct and proximate cause of the acts of DOE OFFICERS 1-10, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. MS. FLORES has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of MR. COATS, and will continue to be so deprived for the remainder of her natural life as

16

MR. COATS will never be fully independent and able to care for himself or MS. FLORES in her elder years as a son should. Plaintiffs are also claiming loss of past and future financial support.

82.    The conduct of DOE OFFICERS 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of MR. COATS and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS 1-10.

83.    Plaintiff FLORES also seeks and is entitled to reasonable attorneys' fees and costs under this claim pursuant to 42 U.S.C. § 1988.

### SIXTH CAUSE OF ACTION

### MONELL LIABILITY—INADEQUATE TRAINING/RATIFICATION/UNCONSTITUIONAL CUSTOM, POLICY, OR PRACTICE (42 U.S.C. § 1983)

### (PLAINTIFF COATS against DEFENDANT CITY)

84.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 83 of this Complaint with the same force and effect as if fully set forth herein.

85.    Defendant DOE OFFICERS 1-10, inclusive, acted under color of law with authority as law enforcement officers from Defendant CITY.

86.    The acts of Defendant DOE OFFICERS 1-10, inclusive deprived Plaintiffs of their particular rights under the United States Constitution and aforementioned statutes.

87.    Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendant DOE OFFICERS 1-10, inclusive, for these purposes Costa Mesa Police ratified DOE OFFICERS 1-10's acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) the acts of these defendants.

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

88.    Upon information and belief and despite the aforementioned reasons, a final policy maker determined DOE OFFICERS 1-10's unconstitutional actions were "within policy" and ratified their acts alleged herein.

89.    Upon information and belief, the training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal, especially as it relates to de-escalating and engaging in situations involving mentally-ill persons experiencing mental crises, such as MR. COATS. Accordingly, Defendant CITY's training is grossly inadequate as DOE OFFICERS 1-10, and countless others have been trained that it is constitutionally permissible to shoot a mentally ill person as they are experiencing a crisis but not an immediate threat of death or serious bodily harm to anyone.

90.    Upon information and belief, Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately as it relates to de-escalating and engaging in situations involving mentally-ill persons and/or to allocate sufficient resources to enable qualified mental health professionals to respond to such situations.

91.    Upon information and belief, the failure of Defendant CITY to provide adequate training caused the deprivation of the Plaintiffs' rights by DEFENDANTS; that is, the CITY's failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury. Specifically, DEFENDANT CITY failed to train or ensure that Defendants remained compliant with DEFENDANT COUNTY training to not use excessive force resulting in unlawful interference with Plaintiffs' familial relations, to not detain persons without reasonable suspicion or arrest persons without probable cause, or to de-escalate situations involving mentally-ill persons experiencing crises.

92.    Upon information and belief, DEFENDANTS, together with other COUNTY policymakers and supervisors, maintained, inter alia, the following

18

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

unconstitutional customs, practices, and policies:

(a) Unlawfully using excessive and deadly force in situations involving mentally ill persons. In fact, evidence of such a custom, practice, and/or policy so prevalent as to constitute standard operating procedure exists as MS. FLORES specifically requested paramedics to help MR. COATS during his mental health episode, but Defendant CITY, instead, sent Defendant DOE OFFICERS 1-10 who were ill-equipped and inadequately trained regarding how to respond to calls for service involving mentally ill persons. Accordingly and based thereupon on information and belief, Defendant CITY's custom, policy, and/or practice regarding arresting and detaining persons is unconstitutional as Defendant DOE OFFICERS 1-10 have been trained that it is the custom, practice, policy, and/or standard operating procedure and deemed constitutionally permissible by Defendant COUNTY to shoot mentally ill persons despite them not being an imminent threat of death or serious bodily harm rather than attempt to de-escalate the situation and involve mental health training or professionals trained regarding such circumstances;

(b) Providing inadequate training regarding the use of force, especially as it relates to de-escalating situations involving mentally-ill persons;

(c) Employing and retaining as police officers individuals such as Defendant DOE OFFICERS 1-10, who Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority, dishonesty, and for using excessive force;

(d) Inadequately supervising, training, controlling, assigning, and disciplining officers, and other personnel, including Defendant DOE OFFICERS 1-10, who Defendant CITY knew or in the exercise of

19

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

reasonable care should have known had the aforementioned propensities and character traits;

(e)   Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing uses of force, disciplining and controlling misconduct by CITY officers/deputies and Defendant DOE OFFICERS 1-10;

(f)   Failing to adequately discipline CITY officers, including Defendant DOE OFFICERS 1-10, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g)   Announcing that unjustified uses of excessive force are "within policy," including incidents that were later determined in court to be unconstitutional or potentially criminal;

(h)   Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)   Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

(j)   Maintaining a policy of inaction and an attitude of indifference towards police excessive force incidents, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of mentally ill

20

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

people.

93.    Moreover, on information and belief, this is not Defendant DOE OFFICERS 1-10's first complaint or lawsuit alleging excessive force and dishonesty.  Following these previous incidents, Defendant CITY failed to terminate Defendant DOE OFFICERS 1-10, adequately discipline or retrain Defendant DOE OFFICERS 1-10, or otherwise protect the public from Defendant DOE OFFICERS 1-10. As a result of these actions and omissions, Plaintiffs were injured and sustained mental, physical and emotional injuries.

94.    DEFENDANT CITY and Defendant DOE OFFICERS 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFFS, and other individuals similarly situated.

95.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DEFENDANT acted with intentional, reckless, and callous disregard for Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and Defendant DOE OFFICERS 1-10 were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiffs.

96.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered and hereby claims past and ongoing economic and noneconomic mental, physical, and emotional pain and suffering/damages. Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

97.    Accordingly, Defendant CITY is directly liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

98.     Plaintiffs also seek attorneys' fees under 42 U.S.C. § 1988 as to this claim.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against DEFENDANTS, inclusive, as follows and/or a jury trial:

A.     For compensatory and special damages in an amount to be proven at trial;

B.     For loss of wages and earning capacity;

C.     For punitive damages against the individual defendants only in an amount to be proven at trial;

D.     For statutory damages;

E.     For interest;

F.     For reasonable attorneys' fees, including litigation expenses;

G.     For costs of suit; and

H.     For such further other relief as the Court may deem just, proper, and appropriate.

Dated: October 28, 2024          **THE KIZZIE FIRM, APC**

By:     */s/ Antonio K. Kizzie*
          **ANTONIO K. KIZZIE**
          Attorneys for Plaintiffs
          DAMON COATS and
          EVELYN M. FLORES

22

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: October 28, 2024               **THE KIZZIE FIRM, APC**

By:   */s/ Antonio K. Kizzie*
      **ANTONIO K. KIZZIE**
      Attorneys for Plaintiffs
      DAMON COATS and
      EVELYN M. FLORES

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL